FILED

April 13, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:51 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| ANTHONY JONES,<br>        Employee, | ) <br> ) | Docket No.: 2015-05-0427 |
| v. | ) | State File Number: 77314-2015 |
| TROJAN LABOR OF NASHVILLE,<br>LLC | ) <br> ) <br> ) | |
|         Employer. | ) <br> ) | Judge Dale Tipps |

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the undersigned Workers' Compensation Judge on April 7, 2016, for a telephonic hearing on the Motion to Dismiss pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.14(3) (2015) filed February 1, 2016, by the Employer, Trojan Labor of Nashville, LLC. The central legal issue is whether the Employee, Anthony Jones, has resolved the evidentiary inadequacies in his claim or articulated a clear intent and method to do so. For the reasons set forth below, the Court finds Trojan's motion is well-taken and dismisses Mr. Jones' claim.

### History of Claim

Mr. Jones filed a Petition for Benefit Determination seeking medical benefits for injuries he allegedly suffered on September 16, 2015, while working for Trojan. Specifically, he alleged he injured his back and right shoulder on that date while lifting an oven. The central issue for adjudication at the Expedited Hearing was whether Mr. Jones was likely to establish at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of his employment. In the resulting Expedited Hearing Order Denying Requested Benefits, this Court concluded he had not met the burden of establishing that likelihood.

Based largely on a credibility determination, the Court entered an Order on January 21, 2016, finding Mr. Jones did not present sufficient proof to establish the occurrence of a specific lifting injury on September 16, 2015. Trojan sought dismissal of this claim because Mr. Jones did not introduce sufficient evidence to prevail at the Expedited Hearing and did not appeal the Court's findings.

1

**Findings of Fact and Conclusions of Law**

Rule 14(3) provides that, where a claim is denied on grounds of compensability following an Expedited Hearing, the employer may file a motion to dismiss the claim. Rule .14(3) provides a procedural mechanism for the potential dismissal of a workers' compensation claim that is unique to the Court of Workers' Compensation Claims. As such, a Rule .14(3) motion is distinct from the dismissal mechanisms (motions to dismiss and for summary judgment) provided for in the Tennessee Rules of Civil Procedure. Therefore, the Court finds that a Rule .14(3) motion to dismiss is an alternate procedure as contemplated by Tennessee Code Annotated section 50-6-239(c)(1) (2015), and the standards and procedures applied to motions to dismiss or for summary judgment under the Tennessee Rules of Civil Procedure do not govern the determination of a Rule .14(3) motion.

A party may only file a Rule .14(3) motion after the Court conducts an Expedited Hearing and denies the claim on the grounds of compensability. When denying relief at an Expedited Hearing, the Court must find that the employee would be unlikely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014).

That being the case, Rule .14(3) provides a procedural mechanism by which an employer can force the employee to address the evidentiary inadequacies that resulted in the adverse decision at the Expedited Hearing. Therefore, Trojan's Rule .14(3) motion forced Mr. Jones to address his evidentiary inadequacies by either producing evidence that his injury arose primarily out of and in the course and scope of his employment, or by articulating a clear intent and method to do so.

Although Mr. Jones filed a response to Trojan's motion, he did not identify any new evidence likely to establish his injuries arose out of and in the course and scope of his employment. Further, Mr. Jones failed to meet the second prong of the Rule .14(3) analysis. He identified no method for producing the necessary evidence or any intent to do so in his written response. Mr. Jones' only mention of any additional proof during the motion hearing was his attorney's statement that, "there may be additional proof – who knows?" The Court finds this is insufficient to constitute a clear intent and method of adducing the necessary additional proof. Dismissal is thus appropriate.

Mr. Jones first contends dismissal is improper because the Court's January 21, 2016 Order denying benefits made no explicit finding on the issue of compensability. He notes the Court's finding that "Mr. Jones has not come forward with sufficient evidence from which this Court can conclude he is likely to prevail at a hearing on the merits. Mr. Jones' request for medical and temporary disability benefits is denied at this time." Mr. Jones argues the Court's use of "at this time" and its scheduling an initial hearing indicate that the Court's expectation that the claim would continue. He contends that, "if the

2

Court intended the Order as a denial based upon compensability, there would be express language to that effect sufficient to put the employee on notice of that important fact."

Mr. Jones is correct that the Court's Order of January 21, 2016, did not expressly state is the denial is "based upon compensability." However, the Court's findings and conclusions of law accomplished the same effect. The Order clearly states:

> After carefully reviewing the testimony and exhibits, the Court cannot credit Mr. Jones' claim of a specific lifting injury on September 18, 2015. Accordingly, Mr. Jones has not shown he is likely to prevail at a hearing on the merits that his injuries arose primarily out of or in the course and scope of his employment as required by Tennessee Code Annotated section 50-6-102(14) (2015).

Tennessee Code Annotated section 50-6-102(14) (2015) provides, in part, an injury is compensable "only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." The fact that the Court found Mr. Jones unlikely to prove a specific incident means he did not establish that his work caused his injury. An injury that is not work-related, by definition, is not compensable. Thus, the Court's denial of Mr. Jones' claim because he failed to prove it work-related was a finding based upon compensability. To conclude otherwise would be an exercise of form over substance. *See Silas v. Brock Services,* No. 2014-02-0013, 2015 TN Wrk. Comp. App. Bd. 35, at *9 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2015).

Mr. Jones next cites Tennessee Code Annotated section 50-6-239(d)(4), which provides:

> If a motion for temporary disability or medical benefits is denied on the basis that the claim is not compensable, the proceeding shall continue according to the procedure provided in subsection (c) unless the employee files a request for an appeal to the workers' compensation appeals board. At any time after the employee has exhausted the procedures for seeking an appeal from the workers' compensation appeals board, as provided in this chapter, the workers' compensation judge may entertain an appropriate motion from the employer for dismissal of the claim.

Mr. Jones notes the Court may entertain a motion to dismiss only "after the employee has exhausted the procedures for seeking an appeal from the workers' compensation appeals board." He argues that, since he filed no appeal in this case, he never exhausted the procedures for seeking an appeal. Therefore, he contends section 50-6-239(d)(4) precludes a motion to dismiss at this stage of the claim.[1]

---

[1] Mr. Jones' arguments are premised in part on his contention that he is entitled to liberal construction of the

Mr. Jones' argument, while creative, is unpersuasive. Section 50-6-239(d)(4) does not specifically preclude dismissal in cases where no appeal is taken. Instead, it merely requires that an employer must wait until the conclusion of any appeal before moving for dismissal. The most impartial and straightforward interpretation of "exhausting the procedures for seeking an appeal" includes the failure to file a timely appeal. *See Silas v. Brock Services*, No. 2014-02-0013, 2015 TN Wrk. Comp. App. Bd. LEXIS 35, at *11-12 (Tenn. Workers' Comp. App. Bd. Oct. 02, 2015) (upholding dismissal of employee's claim pursuant to Rule .14(3) after employee failed to appeal an expedited hearing order). Mr. Jones instead advocates a reading of the statute that would serve as a disincentive for employees to seek appellate review of interlocutory orders and would impede the courts' ability to control their dockets by dismissing claims that exhibit no likelihood of success.

Finally, Rule .14(3) is silent regarding whether a dismissal should be with or without prejudice. The Court finds that Mr. Jones received a full and fair opportunity to present his case, but nonetheless failed to meet his burden. Furthermore, because Mr. Jones failed to identify any method or intent to cure his evidentiary shortcomings, it would seem contrary to the purposes of Rule .14(3), as well as the legislative intent of the 2013 reforms, to dismiss the matter, only to allow Mr. Jones to re-file his claim and force Trojan to make the very same arguments, expending additional time and resources. For this reason, and for the sake of judicial economy, the Court dismisses Mr. Jones' claim with prejudice.

**IT IS, THEREFORE, ORDERED** that the above-captioned matter is hereby dismissed with prejudice. The filing fee for this this cause of $150.00 is taxed to the Employer, Trojan, pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Procedures, for which execution may issue, as necessary.

Unless an appeal of this order is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.

**ENTERED this the 13th day of April, 2016.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

applicable provisions of the Workers' Compensation Law. This is incorrect under current law. The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015).

4

Right to Appeal:

Tennessee Law allows any party who disagrees with this Dismissal Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b).

3. Serve a copy of the Request For Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3).

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Order Granting Motion to Dismiss was sent to the following recipients by the following methods of service on this the 13th day of April, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Tracy Moore | | | X | tracy@moorepeden.com |
| Laurenn Disspayne | | | X | ldisspayne@manierherod.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**